IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**STEUBEN TRUST COMPANY,**

    Creditor-Appellant,

v.                                  CIVIL ACTION NO. 2:07-0009

**DIANNA LYNN FORSHEE,**

    Debtor-Appellee.

### MEMORANDUM OPINION AND ORDER

Pending before the court is creditor's Notice of Appeal (Doc. No. 1) of the bankruptcy court's August 22, 2006, Order[1] (Doc. No. 2-3 at 22-23). For the reasons outlined below, the court **VACATES** the bankruptcy court's March 1, 2006, Final Order and **REMANDS** for further proceedings consistent with this Memorandum Opinion and Order.

### I. Factual and Procedural Background

This controversy began on February 10, 2003, when debtor, a resident of New York, purchased a 2000 Jeep Grand Cherokee

---

[1] On March 1, 2006, the bankruptcy court issued a Final Order finding, *inter alia*, creditor's claim to be unsecured. (Doc. No. 2-3 at 5-6.) On March 14, 2006, creditor filed a Motion for New Trial or Amended Judgment requesting that the bankruptcy court set aside its March 1, 2006, Final Order. (Doc. No. 2-3 at 7-11.) On August 22, 2006, the bankruptcy court denied creditor's Motion for New Trial or Amended Judgment. (Doc. No. 2-3 at 22-23.) Creditor then appealed the bankruptcy court's denial of its Motion for New Trial or Amended Judgment. (Doc. No. 1.) This court interprets creditor's Notice of Appeal as an appeal of the bankruptcy court's March 1, 2006, Final Order.



(hereinafter "Jeep") at a New York car dealership. (Doc. No. 2-2 at 17.) Debtor and creditor entered into an installment contract whereby creditor loaned debtor $20,454.00 for the purchase of the Jeep, and in return, debtor granted creditor a security interest (hereinafter "lien") in said Jeep. (Id.) Whether creditor timely perfected the lien on debtor's Jeep is a contested and unresolved issue.

On October 28, 2003, after relocating to West Virginia, debtor submitted an application for a "West Virginia Certificate of Motor Vehicle Title" (hereinafter "West Virginia Title") to the West Virginia Department of Motor Vehicles (hereinafter "DMV"). (Doc. No. 2-2 at 1.) Debtor did not list any lien on that application. (Id.) Consequently, the DMV issued a "West Virginia Title" for the Jeep showing no lien. (Doc. No. 2-3 at 2.)

On May 26, 2004, debtor filed a Chapter 13 Bankruptcy Petition, listing creditor as an unsecured debt. (Doc. No. 2 at 11.) At the moment debtor filed her Bankruptcy Petition all actions to collect against debtor were automatically stayed pursuant to title 11, section 362 of the United States Code. Approximately one month later, in early July of 2004, creditor contacted the DMV and inquired into the accuracy of debtor's "West Virginia Title." (Doc. No. 5 at 13.) The DMV discovered debtor's original "New York Title," which, according to the

affidavit of Lynda Osborne, the DMV records keeper, had been scanned into DMV records back on November 3, 2003. (Doc. No. 2-3 at 19-20.) Because the "New York Title" did in fact list a lien on debtor's Jeep in favor of creditor (Doc. No. 2-2 at 19), the DMV issued an amended "West Virginia Title" recognizing said lien (Doc. No. 2-3 at 4).

On June 16, 2005, debtor initiated an adversary proceeding to determine whether creditor's claim was secured or unsecured, i.e., whether the lien placed on debtor's amended "West Virginia Title" was valid, and whether creditor had violated title 11, section 362 of the United States Code by contacting the DMV.[2] (Doc. No. 2-3 at 17.) A hearing was held on February 16, 2006, at which time the bankruptcy court ordered debtor's counsel, George Lemon, to prepare the Final Order granting debtor's requested relief.[3] (Doc. No. 2 at 19.) The hearing was not transcribed.

---

[2] In that document debtor stated that the "New York Title" tendered to the DMV showed no lien. Based on the record before this court that averment appears to be false as the "New York Title" conspicuously shows a lien owed to creditor. (Doc. No. 2-2 at 19.)

[3] The Fourth Circuit has on many occasions condemned the practice of announcing a decision and leaving it to the prevailing party to write the findings of fact and conclusions of law. See, e.g., Cuthbertson v. Biggers Bros., Inc., 702 F.2d 454 (1983); EEOC v. Federal Reserve Bank of Richmond, 698 F.2d 633 (1983); Chicopee Mfg. Corp. v. Kendall Co., 288 F.2d 719 (1961).

The bankruptcy court signed the 1½ page Final Order on March 1, 2006.[4] (Doc. No. 2-3 at 5.) The relevant findings of fact contained in the Final Order are as follows: (1) debtor held a "West Virginia Title" showing no lien at the time the Bankruptcy Petition was filed and (2) creditor caused the DMV to issue an amended title listing a lien in favor of creditor. (Id.) The relevant conclusions of law contained in the Final Order are as follows: (1) creditor's claim is unsecured, i.e., the lien is not valid, and (2) creditor violated title 11, section 362 of the United States Code by causing a lien to be placed on debtor's "West Virginia Title" without prior court approval.[5] (Id.) The Final Order further directed creditor to release the lien which had been placed on the amended version of debtor's "West Virginia Title." (Id.)

---

[4] This court notes that the bankruptcy court here "engaged in the 'regrettable practice' of adopting the findings drafted by the prevailing party wholesale." In re T.H. Richards Processing Co., 910 F.2d 639, 643 (9th Cir. 1990)(citing Sealy, Inc. v. Easy Living, Inc., 743 F.2d 1378, 1385 n. 3 (9th Cir. 1984)).

[5] The Final Order actually states that creditor is in violation of title 11, sections 544 and 547 of the United States Code. This court assumes that the insertion of title 11 section 544 and 547 of the United States Code, instead of title 11, section 362 of the United States Code, was a typographical error made by debtor's counsel George Lemon when drafting the Final Order. Title 11, sections 544 and 547 of the United States Code relate to trustee avoiding powers, and consequently, do not appear to set forth any requirement that creditor could have violated.

4

On March 14, 2006, creditor filed a Motion for New Trial or Amended Judgment requesting that the bankruptcy court set aside its March 1, 2006, Final Order. (Doc. No. 2-3 at 7-11.) On August 22, 2006, the bankruptcy court denied creditor's Motion for New Trial or Amended Judgment. This appeal followed. (Doc. No. 2 at 6.)

Creditor now argues that (1) debtor lacks standing to avoid a lien under title 11, section 544 of the United States Code, (2) it would be inequitable to allow debtor to avoid the lien because of debtor's failure to list said lien on the "West Virginia Title" application, and (3) creditor did not violate the automatic stay provision of title 11, section 362 of the United States Code. (Doc. No. 5.)

In response debtor argues that (1) creditor does not have a secured lien on debtor's Jeep because, *inter alia*, the lien was not recorded within 20 days of purchase, and (2) creditor violated the automatic stay provision of title 11, section 362 of the United States Code by creating, perfecting, or enforcing a lien on debtor's estate. (Doc. No. 6.)

In reply creditor reasserts in more detail its argument that the lien on debtor's Jeep was properly perfected. (Doc. No. 7.)

**II. Jurisdiction and Standard of Review**

This court has jurisdiction over an appeal from the final judgment of a bankruptcy court. 28 U.S.C. § 158(a). It is well

5

established that decisions of a bankruptcy court on "core[6]" proceedings are reviewed under the *clearly erroneous* standard for findings of fact and the *de novo* standard for conclusions of law. See In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992).

### III. Analysis

Rule 52(a) of the Federal Rules of Civil Procedure (hereinafter "Rule 52(a)") instructs that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law thereon." Stated in the positive, Rule 52(a) requires that a court support its decision by spelling out the subordinate facts upon which that ruling relies. O'Neal v. Gresham, 519 F.2d 803, 805-06 (4th Cir. 1975). Stated in the negative, Rule 52(a) exacts neither punctilious detail nor slavish tracing of the claims issue by issue and witness by witness. Ratliff v. Governor's Highway Safety Program, 791 F.2d 394, 400 (5th Cir. 1986); see also United States v. Vulpis, 961 F.2d 368, 371 (2d Cir. 1992)(the findings of fact and conclusions of law need not be written but may instead be stated orally and recorded in open court). In sum, an order satisfies Rule 52(a) if the court's findings are sufficient to indicate the factual

---

[6] This appeal qualifies as a core proceeding because it concerns the determination of the validity and classification of a lien, which is central to administration of a bankruptcy estate. See 28 U.S.C. § 157(b)(2)(K).

6

basis for its ultimate conclusion. <u>Kelley v. Everglades Drainage District</u>, 319 U.S. 415, 421 (1943).

The principal purpose of requiring separate findings of fact and conclusions of law is to inform the appellate court of the basis of the decision and to permit effective appellate review. <u>Century Marine Inc. v. United States</u>, 153 F.3d 225, 231 (5th Cir. 1998) <u>citing</u> <u>Chandler v. City of Dallas</u>, 958 F.2d 85, 90 (5th Cir. 1992). Embracing this reasoning, the United States Court of Appeals for the Fourth Circuit has stated that, "unless the trial court fully complies with Rule 52(a), appellate review becomes an exercise in conjecture." <u>U.S. for use of Belcon, Inc. v. Sherman Const. Co.</u>, 800 F.2d 1321, 1324 (4th Cir. 1986). Therefore, where a trial court has failed to set forth findings of fact with sufficient detail and exactness, appellate review is improper, <u>E.E.O.C. v. United Virginia Bank/Seaboard Nat.</u>, 555 F.2d 403 (4th Cir. 1977) and the case should be remanded, <u>Grossman v. Berman</u>, 241 F.3d 65 (1st Cir. 2001).

Rule 52(a) is applicable to the adversary proceeding currently under review in this case via Rule 7052 of the Federal Rules of Bankruptcy Procedure. <u>See, e.g.</u>, <u>In re Mazzeo</u>, 167 F.3d 139, 142 (2d Cir. 1999)(holding that Rule 52(a) applies to disputes regarding automatic stays issued pursuant to 11 U.S.C. § 362); <u>In re Myrvang</u>, 232 F.3d 1116 (9th Cir. 2000)(bankruptcy court must make findings of fact and conclusions of law in all

actions tried upon the facts without a jury); <u>In re Sunflower Racing, Inc.</u>, 226 B.R. 665 (D. Kan. 1998)(bankruptcy courts must generally make findings of fact and conclusions of law in all contested matters).

**A.  Standing**

In creditor's March 14, 2006, Motion for New Trial or Amended Judgment, creditor proposed that a Chapter 13 debtor lacks standing to avoid an improperly perfected lien.  (Doc. No. 2-3 at 7-11.)  In arguing so, creditor characterized debtor's Complaint as being one to avoid an improperly perfected lien pursuant to title 11, section 544 of the United States Code.  (<u>Id.</u>)  The bankruptcy court's August 22, 2006, Order denying creditor's Motion for New Trial or Amended Judgment did not address creditor's standing argument.  (Doc. No. 2-3 at 22-23.)

Creditor now reasserts its standing argument on appeal.  (Doc. No. 5 at 8.)  Based upon the record it is not clear whether debtor's Complaint was one to avoid an improperly perfected lien pursuant to title 11, section 544 of the United States Code or merely the initiation of an adversary proceeding to determine the priority of a lien pursuant to title 11, section 506 of the United States Code and Rule 7001 of the Federal Rules of Bankruptcy Procedure.  Consequently, the question regarding debtor's standing cannot be answered here and is remanded to the

bankruptcy court for further factual findings consistent with this Memorandum Opinion and Order.

### B.   Priority of Creditor's Claim: Secured or Unsecured

On appeal creditor argues that the bankruptcy court erred in concluding that creditor's claim is unsecured. Although, unmentioned by any of the parties thus far, this court finds West Virginia Code § 46-9-316(d) to be the keystone in resolving the question of lien priority in this case. That section provides that:

> "a security interest in goods covered by a certificate of title which is perfected by any method under the law of another jurisdiction when the goods become covered by a certificate of title from this state remains perfected until the security interest would have become unperfected under the law of the other jurisdiction had the goods not become so covered."

Stated more simply, subsection (d) of section 316 means that a lien validly perfected in one state is not destroyed if the goods become covered by a certificate of title in West Virginia even if the West Virginia certificate of title does not list the lien. See W.Va. Code § 46-9-316(d), Comment 5.

For example, if the lien listed on the "New York Title" in the instant case was perfected in accordance with New York law prior to the issuance of the "West Virginia Title," then pursuant to West Virginia Code § 46-9-316(d) creditor's claim would be secured. Thus, the priority of creditor's claim, i.e., whether creditor's claim is secured or unsecured, depends upon whether

9

the lien listed on the "New York Title" was properly perfected under the laws of the State of New York.[7] The bankruptcy court did not make a finding with regard to this issue. Consequently, the question of whether creditor's claim is secured or unsecured cannot be answered here and is remanded to the bankruptcy court for further factual findings consistent with this Memorandum Opinion and Order.

### C. The Automatic Stay

Another issue in this appeal stems from the bankruptcy court's conclusion that creditor violated the automatic stay. Specifically, title 11, section 362, subsection (a), paragraph (5) of the United States Code prohibits any act to create, perfect, or enforce any lien against property of the debtor subsequent to the filing of a bankruptcy petition.

It does not, however, prohibit acts to extend, continue, or renew otherwise valid statutory liens. See, e.g., In re Morton, 866 F.2d 561, 564 (2d Cir. 1989)(explaining that the section does not explicitly prohibit acts to extend, continue, or renew otherwise valid statutory liens, nor is their indication from the legislative history that congress intended such a result); In re Larson, 979 F.2d 625, 627 (8th Cir. 1992)(action which does not

---

[7] West Virginia Code § 46-9-303 instructs that perfection of a security interest in goods covered by a certificate of title is governed by the law of the jurisdiction issuing the certificate.

10

create new rights but simply allows the holder of a valid lien to maintain the status quo does not violate 11 U.S.C. § 362(a)); In re Patton, 314 B.R. 826, 834 (Bankr. D. Kan. 2004)(subsequent assignment of properly perfected mortgage did not change the nature of creditor's interest in debtor's homestead, and therefore the automatic stay provision was not violated).

If for example, the lien listed on the "New York Title" in the present case was perfected at the time creditor contacted the DMV, then creditor's efforts to have the clerical error corrected would not alter any rights or interests, and according to the above cited case law, would not violate the automatic stay. If on the other hand, creditor perfected an otherwise unperfected lien, creditor's actions would certainly alter the rights and interests of the parties, and accordingly violate the automatic stay.

As illustrated in the preceding paragraph, the question of whether creditor, in this case, violated title 11, section 362, subsection (a), paragraph (5) largely rests on the perfection status of the lien listed on the "New York Title" at the time creditor contacted the DMV. Because the bankruptcy court did not make a finding with regard to this issue adjudication of the matter by this court is improper.

Here, only the bankruptcy court has jurisdiction to make the requisite factual findings. Neither this district court

11

functioning in an appellate capacity, nor any court of appeals may make independent factual findings. In re Cornelison, 901 F.2d 1073 (11th Cir. 1990)(if bankruptcy court is silent or ambiguous as to necessary factual findings, case must be remanded to district court, which presumably will remand to bankruptcy court for necessary factual determinations).

## IV. Conclusion

For the reasons set forth above, the court **VACATES** the bankruptcy court's March 1, 2006, Final Order and **REMANDS** for further proceedings consistent with this Memorandum Opinion and Order.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to all counsel of record.

It is SO ORDERED this 24th day of September, 2007.

Enter:

David A. Faber
United States District Judge

A TRUE COPY CERTIFIED ON

MAR - 5 2008

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia
By _____ Deputy

12